UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RANDALL LLOYD, | ) |
|           Plaintiff, | ) |
| v. | ) No. 1:24-cv-02064-JPH-MJD |
| CENTURION HEALTH OF INDIANA, LLC, WILLIAM SMITH, KELSEY BEERS, CELESTE AMANDA JONES, MARK SEVIER, | ) |
|           Defendants. | ) |

**ORDER GRANTING MOTION FOR COUNSEL, DISCUSSING AMENDED COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

This action was removed from Marion Superior Court 12 on November 21, 2024. Dkt. 1. Plaintiff Randall Lloyd is a prisoner currently incarcerated at New Castle Correctional Facility (New Castle). His motion to amend complaint, dkt. [9], is **granted.** The proposed amended complaint at docket 9-1 is now the operative complaint in this action.

### I. Motion for Counsel

Mr. Lloyd has filed a motion for assistance recruiting counsel. Dkt. 10. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th

Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers).

Here, Mr. Lloyd has explained that he has no education, has been unable to prepare any of the filings in his case, and has extreme difficulty reading and writing. His complaint also raises several claims against ten defendants and implicates joinder and severance issues that would present challenges for Mr. Lloyd to be able to competently litigate. The Court therefore **GRANTS** Mr. Lloyd's motion for counsel and will attempt to recruit counsel to represent him through final judgment. Dkt. [10].

## II. The Amended Complaint

The amended complaint names the following defendants: 1) Centurion Health of Indiana, LLC; 2) Mental Health Nurse Practitioner (MHNP) Jones; 3) Mental Health Practitioner (MHP) Smith; 4) MHP Beers; 5) GEO Group, Inc.; 6) Christina Reagle; 7) Richard Brown; 8) Jack Hendrix; 9) J. Bassinger; and 10) Sgt. Brown.[1] Dkt. 9-1 at 3. For relief, Mr. Lloyd seeks compensatory damages and injunctive relief.

According to the complaint, Mr. Lloyd has a documented history of serious mental health issues for which he was prescribed medication at seven different Indiana Department of Correction (IDOC) facilities, including New Castle.

Mr. Lloyd was housed in administrative segregation in 2023, where he received regular reviews of his placement. On June 20, 2023, the classification

---

[1] Sgt. Brown is not listed in the caption of the amended complaint, in violation of Rule 10(a) of the *Federal Rules of Civil Procedure,* but the Court has considered the claims against Sgt. Brown alleged in the body of the complaint.

2

committee recommended that Mr. Lloyd be placed in general population. Mr. Hendrix, however, decided to place him in "the Unit" at New Castle, which "is just administrative segregation by a different name." Dkt. 9-1 at 5. He alleges he was placed there without any due process or consideration of his mental health needs. Mr. Lloyd alleges that correctional staff (Ms. Reagle, Mr. Brown, Mr. Hendrix, and J. Bassinger) have created a system of trapping certain inmates into a cycle of being in administrative segregation or on the Unit without meaningful review of their placement.

Mr. Lloyd was placed in the Unit without regard for his serious mental health needs. Mr. Lloyd was placed in a cell with a cellmate who did not have any mental health issues and had no training on how to cope with someone who does. Further, his only mental health treatment consists of cell-side visits with Nurse Jones, MHP Smith, and MHP Beers. When Mr. Lloyd complained that he could not speak about his mental health openly because of the lack of privacy, Nurse Jones got angry and aggressive and threatened to stop all therapy sessions.

Nurse Jones discontinued Mr. Lloyd's psychiatric medication in May 2024. Mr. Lloyd submitted over 30 healthcare request forms in response to not having his medication, but they were ignored by Centurion staff.

In August 2024, Mr. Lloyd was experiencing a mental health crisis. He approached Sgt. Brown and told him that he was going to hurt himself, and Sgt. Brown responded, "I don't know what to do, I can't help you." Dkt. 9-1 at 10. Sgt. Brown told Mr. Lloyd that there was no one to call for help, but for Sgt.

3

Brown's safety he locked Mr. Lloyd in segregation. Mr. Lloyd never saw a mental health professional during this particular crisis.

Nurse Jones renewed Mr. Lloyd's prescriptions for psychiatric medication on September 1, 2024. But when Mr. Lloyd continued to file grievances about his mental health treatment, she discontinued the medication. Mr. Lloyd subsequently learned that Nurse Jones unjustifiably discontinued mental health medication for six other inmates living in the Unit for the same time period. Despite Mr. Lloyd and other inmates' complaints about the lack of medication, Nurse Jones persisted in discontinuing medications. Mr. Lloyd alleges that this was due to a Centurion policy or custom of discouraging prescription medication.

Mr. Lloyd alleges other hardships from his placement on the Unit. Correctional staff often arbitrarily deny recreation time, leaving inmates in their cells for 22 hours a day. Inmates are denied access to religious or rehabilitation-focused programming. They have restricted access to the law library. There are no windows in the unit, and inmates must eat all their meals in their cell, increasing social isolation. IDOC and GEO have represented that the Unit is a step-down program from long-term segregation with a lot of programming, but Mr. Lloyd has not participated in any programming while there. Instead, he says GEO staff have a practice of falsifying documentation to make it appear that the inmates are participating in programming.

### III. Joinder and Severance

Because Mr. Lloyd is incarcerated and has sued government officials, the Court assesses "whether joinder is proper under Rule 20 before considering the

merits" of the claims as required by 28 U.S.C. § 1915A. *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022).

Mr. Lloyd brings Fourteenth Amendment claims against GEO Group, Inc., Christina Reagle, Richard Brown, Jack Hendrix, and J. Bassinger relating to his being placed and kept in administrative segregation without due process of law. He also brings Eighth Amendment deliberate indifference claims related to the conditions on the Unit. In addition, Mr. Lloyd alleges that Centurion, mental health professionals Jones, Smith, and Beers, and Sgt. Brown have been deliberately indifferent to his serious mental health needs by depriving him of necessary mental health treatment and medication, in violation of the Eighth Amendment.

Mr. Lloyd is attempting to sue 10 defendants in a single suit that raises claims about unrelated conduct. The Seventh Circuit, however, has explained that "[u]nrelated claims against different defendants belong in different suits." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)); s*ee also Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) (stating "district court should have rejected [plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of them") (citing *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir.2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). The Seventh Circuit has explained:

> When screening prisoners' complaints under the PLRA, courts can and should sever an action into separate lawsuits or dismiss defendants who are improperly joined under Federal Rule of Civil Procedure 20(a)(2). *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). A prisoner may join defendants in the same action only if the claims against each one "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences ...." Fed. R. Civ. P. 20(a)(2)(A);. . . "

*Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018). Mr. Lloyd's claims about his mental health treatment involve different defendants and factual allegations than his claims about his continued placement on the Unit and the conditions there. These two sets of claims appear misjoined.

Misjoined claims shall either be severed into new actions or dismissed without prejudice. *See Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Mr. Lloyd is the master of his complaint and shall be given the opportunity to determine which course is followed. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005).

**Within forty-five days after recruited counsel appears**, Mr. Lloyd shall file, through counsel, either (1) a second amended complaint raising the claims he intends to pursue in this action, or (2) a statement that he intends to proceed on the current amended complaint and addressing the joinder and severance issues identified in this order.

### IV. Conclusion

Mr. Lloyd's motion to file an amended complaint, dkt. [9], is **granted**. **The clerk is directed** to docket the proposed amended complaint, dkt. [9-1], as the

6

amended complaint. Mr. Lloyd's motion for counsel, dkt. [10], is **granted** and the Court will attempt to recruit counsel to represent him through final judgment.

**Within forty-five days after recruited counsel appears**, Mr. Lloyd shall file, through counsel, either (1) a second amended complaint raising the claims he intends to pursue in this action, or (2) a statement that he intends to proceed on the current amended complaint and addressing the joinder and severance issues identified in this order.

**SO ORDERED.**

Date: 8/8/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RANDALL LLOYD
100309
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All Electronically Registered Counsel